IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:15-CV-28-FL

| | |
|---|---|
| JIMMIE ECHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| RANDOLPH BERTRAM RUSSELL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim and for lack of subject matter jurisdiction (DE 9), and upon plaintiff's cross-motion for summary judgment (DE 15). The issues raised are ripe for ruling. For the following reasons, the court grants defendant's motion and denies plaintiff's motion.

BACKGROUND

On July 27, 2015, plaintiff, proceeding pro se, filed a complaint against defendant (Compl. DE 1), asserting the following claims at common law: 1) Conversion and interference with property rights; 2) Trespass to Chattels; 3) Constitutional Deprivation of Due Process; and 4) Interference with Real Property. (DE 1). The introduction to the complaint also mentions "civil larceny" and "unauthorized taking and removal of personal property," but does not discuss them in any more detail. (Id.).

On November 19, 2010, BB&T filed a notice of Hearing in the Superior Court Division of Bertie County, North Carolina, for foreclosure on property then owned by plaintiff. A foreclosure

hearing was held on December 30, 2010, before the Clerk of Court of Bertie County. On January 7, 2011, plaintiff appealed the Foreclosure Order, which appeal was held on January 24, 2011, and dismissed. On March 7, 2011, BB&T was the last and highest bidder on the property, and assigned its bid to Atlas NC I SPE, LLC on March 23, 2011. (Ex. 1, DE 10-1).

On June 21, 2011, the clerk of the Superior Court of Bertie County, North Carolina, issued an order of possession of the foreclosed property in favor of defendant. On July 12, 2011, deputy sheriff J.E. Bowen executed the order of possession on behalf of sheriff John Holley, and filed the signed return of service certifying that deputy Bowen had served plaintiff.

On August 29, 2012, defendant purchased the land in question from Atlas NC I SPE, LLC via special warranty deed. (Ex. 1, DE 10-1) Defendant filed a lis pendens for the property on March 5, 2012, and defendant filed a special warranty deed on August 29, 2012. (Compl. ¶ 5, 7, DE 1-1).

Plaintiff appealed the foreclosure to Superior Court and to the North Carolina Court of Appeals, and both courts affirmed the foreclosure. See In re Foreclosure of a Deed of Trust from Jimmie L. Echols, Gloria C. Echols, Vincent Boyd, & Republique, Inc., Dated July 12, 2002, Recorded in Book 799, Page 1, Bertie Cnty. Registry, No. COA13-804, 759 S.E.2d 710, 2014 WL 1797823 *2 (N.C. Ct. App. 2014) (unpublished). The Supreme Court of North Carolina denied discretionary review. See In re Echols, 367 N.C. 524 (2014).

Plaintiff also commenced two related actions in federal court. One action on June 19, 2014, against Sheriff of Bertie County, in case No. 2:14-CV-33-FL, and the other was filed on July 1, 2014, against Branch Banking & Trust, Co., in case No. 2:14-CV-40-FL. Echols v. BB&T, No 2:14-CV-40, 2015 WL 5725521 (E.D.N.C. Sept 30, 2015) (appeal filed October 28, 2015); Echols v. Bertie County Sheriff, No.2:14-CV-33, 2015 WL 52725513 (E.D.N.C. Sept. 30, 2015) (appeal filed

2

October 28, 2015). In both actions plaintiff raised claims arising out of foreclosure of his property and the June 21, 2011 order of possession, and both actions were dismissed on September 30, 2015. Id.

**COURT'S DISCUSSION**

A.      Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (internal citations omitted). Further, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000).

3

B.  Analysis

    a. Rooker-Feldman: Claim Four

Under the Rooker–Feldman doctrine, district courts lack subject matter jurisdiction to hear actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine only applies "when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Va. Dep't of Transp., 434 F.3d 712, 713 (4th Cir.2006). By contrast, the doctrine does not apply where a federal plaintiff asserts a claim independent of the prior state claim, such as where the injury complained of in federal court was caused by a third party rather than by the state court judgment itself. See Exxon, 554 U.S. at 293; Davani, 434 F.3d at 719.

Plaintiff disputes the applicability of Rooker-Feldman on the basis that "conversion has been pleaded for the first time in federal court." This objection is both factually incorrect and legally irrelevant. While it is not clear if plaintiff pleaded conversion in state court, plaintiff did bring a claim of conversion in federal court. See Echols v. BB&T, No 2:14-CV-40, 2015 WL 5725521 at *1. Moreover, Rooker-Feldman asks whether the claim is one that effectively seeks to overturn a state court judgment, not whether the claim has previously been made in federal court.

In claim four, plaintiff alleges that "defendant did not acquire title of claimant real property properly and lawfully," in that the property was not properly foreclosed upon. However, a state court has already ruled that the foreclosure was valid. See In re Echols, 2014 WL 1797823 at *1. This claim can only succeed to the extent that the state court's foreclosure judgment was in error,

and where the court cannot grant relief without disturbing the state foreclosure judgment, the claim must be dismissed. See Smalley v. Shapiro & Burson, LLP, 526 Fed.Appx. 231, 238 (4th Cir. 2013).

The fourth claim must therefore be dismissed for lack of jurisdiction.

b. Statute of Limitations: Claims One and Two

Defendant argues as an affirmative defense that claims one and two are subject to their respective Statute of Limitations.

An affirmative defense is appropriate in a motion to dismiss where the face of the complaint clearly reveals the existence of a meritorious affirmative defense. Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). When hearing a case pursuant to diversity jurisdiction, a federal court must apply the appropriate state's statute of limitations. Wallace v. Kato, 659 U.S. 384, 387 (2007). The applicable statute of limitations for both claims under North Carolina law is three years. See Stratton v. Royal Bank of Canada, 211 N.C.App. 78 (2011) (citing N.C. Gen Stat. § 1-52(4)). The statute of limitations for a claim of conversion begins to run "when the unauthorized assumption and exercise of ownership occurs — not when the plaintiff discovers the conversion. Id.

Plaintiff alleges that the property was taken on July 12, 2011, a lis pendens was filed for the property on March 5, 2012, and defendant filed a special warranty deed on August 29, 2012. (Compl. ¶ 5, 7, DE 1-1). Even if notice was required, plaintiff was not only aware of this taking on July 12, 2011, but had already been litigating it for at least six months. In re Echols 2014 WL 1797823 at *1 ("Echols appealed the Clerk's order to the Bertie County Superior Court. The trial court conducted a de novo hearing on BB & T's foreclosure claim, and on 24 January 2011, entered an order dismissing Echols's appeal"). Plaintiff filed this claim on July 27, 2015, more than four

5

years after the alleged taking occurred and plaintiff's notice of said taking. This is more than the three years required by the statute of limitations, and plaintiff's opportunity to litigate these claims has elapsed.

Plaintiff states, without any supporting evidence or argument, that the Statute of Limitations does not apply. Because plaintiff has failed to file this complaint within the applicable statute of limitations, and claims one and two must therefore be dismissed.

    c. Failure to State a Claim: Claim Three

Plaintiff's third claim is a "Constitution/Due Process" claim against defendant. Plaintiff alleges that defendant deprived plaintiff of property rights in failing to follow state law. To support a due process claim against a private party, plaintiff must allege that defendant acted under color of state law or conduct attributable to the state. See Am. Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). Plaintiff has not so alleged. Therefore, plaintiff's due process claim must be dismissed for failure to state a claim on which relief can be granted.

    d. Res Judicata

Defendant asserts that all claims should be dismissed as res judicata.

The doctrine of res judicata is "directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend the same claim by the same plaintiff, or one in privity with that plaintiff." Bockweg v. Anderson, 333 N.C. 486 (N.C. 1993). In North Carolina, the doctrine of res judicata has three elements: "(1) that a previous suit resulted in a final judgment on the merits; (2) that the same cause of action is involved; and (3) that both the party asserting res judicata and the party against whom res judicata is asserted were either parties or stand in privity with parties." State ex rel. Tucker v. Frinzi, 344 N.C. 411, 414 (N.C.

1996) (internal quotations omitted).

Under North Carolina law, the first element of res judicata is a final judgment on the merits, so long as it does "not merely relate to the matters of practice or procedure." Kirby v. Kirby, 26 N.C.App. 322, 323 (1975) (internal citations omitted). Where a claim is dismissed both on jurisdictional grounds and for failure to state a claim, the dismissal is treated as an adjudication on the merits. See McAllister v. Lee, 739 S.E.2d 628, 2013 WL 1121204, at *1-3 (N.C. App. 2013).

In state court plaintiff has attempted to litigate the foreclosure and writ of possession against BB&T and the Sheriff of Bertie County. In re Echols, 2014 WL 1797823. These claims were dismissed on both jurisdictional grounds and for failure to state a claim on which relief may be granted. Id. As such, this operates as a final judgment on the merits.

Moreover, a final judgment on the merits was also forthcoming in federal court. In Echols v. BB&T, plaintiff asserted the following claims: "(1) conversion, (2) fraud on the court, (3) absence of de novo hearing, (4) North Carolina statutory violations, (5) breach of contract, (6) breach of contract under modification of agreement, (7) conflict of interest, and (8) violation of due process by failure to provide discovery." The cause of action was the same as in this case. This court dismissed claims two through seven on jurisdictional grounds, and dismissed claims one and eight for failure to state a claim.

The second element is whether the same cause of action existed in the prior case. The doctrine is not limited to whether specific claims have been previously litigated "but also to all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination." Rodgers Builders, Inc. v. McQueen, 76 N.C.App. 16, 22 (1985). Plaintiff's claims in the instant case all have

7

the same cause of action in the foreclosure proceedings that gave rise to In re Echols. Plaintiff does not list any new facts in this complaint; the cause of action is substantially similar to that in In re Echols, Echols v. BB&T, and Echols v. Sheriff of Bertie County. Echols v. BB&T, 2015 WL 5725521; In re Echols, 2014 WL 1797823, Echols v. Bertie County Sheriff, 2015 WL 52725513. All of plaintiff's claims against defendant depend on the premise that the foreclosure and writ of possession by which plaintiff's personal and real property were obtained were somehow improper. BB&T previously defended against those claims, and plaintiff does not ascribe any novel duty or failing to defendant that would not have equally applied to BB&T.

The third element is whether there is privity between the parties. In North Carolina, privity exists if there is a "successive relationship to the same right of property." Settle By and Through Sullivan v. Beasley, 309 N.C. 616 at 619 (1983) (internal citations omitted). While plaintiff has not previously sued defendant, defendant has a successive right of property from BB&T, who was party to both state court and federal court proceedings. Echols v. BB&T, 2015 WL 5725521; In re Echols, 2014 WL 1797823, Echols v. Bertie County Sheriff, 2015 WL 52725513. As such, privity is preserved.

Accordingly, the instant case is an attempt by plaintiff to relitigate an issue that had reached a final adjudication on the merits in an earlier case. Therefore, to the extent that the four claims remain, they must be dismissed as res judicata.[1]

---

[1] Pursuant to Rooker-Feldman, the court lacks jurisdiction over claim three. Absent this bar to jurisdiction, claim three would be subject to res judicata.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 7) is GRANTED, and plaintiff's cross-motion for summary judgment is DENIED. The court is DIRECTED to close the case.

SO ORDERED, this the 25th day of January, 2016.

                                      LOUISE W. FLANAGAN
                                      United States District Judge