IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:15-CV-28-FL

| | |
|---|---|
| JIMMIE ECHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| RANDOLPH BERTRAM RUSSELL, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for reconsideration of the court's January 25, 2016, order. (DE 22). The January 25, 2016 order granted defendant's motion to dismiss and denied plaintiff's motion for summary judgment. (DE 20). The time for a response has expired and the issues raised are ripe for ruling. For the reasons that follow, plaintiff's motion for reconsideration is denied.

## BACKGROUND

The facts laid out in the court's January 25, 2016, order, (DE 20), are incorporated by reference, except as follows: Plaintiff asserts that he, and not defendant, filed a lis pendens relating to foreclosed upon property at issue in the instant case. (DE 22 at ¶ 3). Plaintiff further asserts that while defendant was the grantee of a special warranty deed for that property, defendant could not have filed it. (Id.). Although this does not change the court's analysis, the record is corrected to reflect these clarifications in plaintiff's allegations.

Plaintiff's complaint included four claims, all of which were dismissed by the January 25, 2016, order. (DE 20). The first and second claim were dismissed as barred by the statute of

limitations, while the third claim was dismissed for failure to state a claim on which relief could be granted. (Id.). The fourth claim was dismissed due to lack of subject-matter jurisdiction jurisdiction pursuant to the Rooker-Feldman doctrine. (Id.). The court further found that res judicata served as an additional bar to all four claims. (Id.).

On February 22, 2016, plaintiff filed a motion for reconsideration.

**COURT'S DISCUSSION**

A.      Standard of Review

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud . . . (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

2

B.  Analysis

In his motion for reconsideration, plaintiff raises two intertwined arguments. First, plaintiff argues there is not privity between Branch Banking & Trust, Co. ("BB&T"), and defendant, and therefore the statute of limitations does not apply. Second, plaintiff argues that collateral estoppel does not bar the suit, as defendant has not yet had the opportunity to litigate the issue. Neither of these arguments supports the existence of a meritorious claim or raises a basis for relief from the judgment

1. Privity

In North Carolina, privity exists if there is a "successive relationship to the same right of property." Settle By and Through Sullivan v. Beasley, 309 N.C. 616, 619 (1983) (internal citations omitted). As plaintiff's motion recognizes, the property in question "was sold by Branch Banking and Trust['s] Assignee, Atlas LLC, to [defendant]." (DE 22 at 5). Defendant purchased the property from Atlas, who received it from BB&T. (Id.). This is a successive relationship to the same right of property, and provides privity between BB&T and defendant.

Thus, plaintiff's assertion that there is no privity between BB&T and defendant is without merit.

2. Res Judicata

The doctrine of res judicata is "directed at preventing the possibility that a successful defendant, or one in privity with that defendant, will twice have to defend the same claim by the same plaintiff, or one in privity with that plaintiff." Bockweg v. Anderson, 333 N.C. 486 (N.C. 1993). In the instant case, res judicata arose from plaintiff's involvement in a prior case arising from

3

the same cause of action. See Echols v. BB&T, No 2:14-CV-40, 2015 WL 5725521 (E.D.N.C. Sept 30, 2015) (appeal filed October 28, 2015).

Plaintiff cites Settle By and Through Sullivan v. Beasley, 309 N.C. 616 at 619 (1983) for the holding that "if a person has, under applicable law, an interest in such status such that he is entitled to contest its existence, the judgment is not conclusive upon him unless he was afforded an opportunity to be a party to the prior action . . ." (DE 22 at ¶ 12). However, plaintiff was not only afforded the opportunity to be party to the prior action, but took that opportunity, as he was the party to initiate it. See Echols v. BB&T, 2015 WL 5725521. Plaintiff suggests that because defendant was not party to the previous litigation, or because the judgment was not adverse to defendant, collateral estoppel does not apply, as "fairness requires that [defendant] be given an opportunity to re-litigate the issue."[1] (DE 22 at ¶ 13). However, the issue is not whether the judgment binds defendant, but whether it binds plaintiff. As established in the court's January 25, 2016, order in the instant case, as well as the court's September 30, 2015, order in plaintiff's case against BB&T, plaintiff was a party to the proceeding against BB&T. The judgment in that case was adverse to plaintiff, and it is binding upon him now. As defendant is in privity with BB&T, defendant is not obligated to again defend the claim plaintiff has already litigated and lost against BB&T. See Bockweg 333 N.C. at 491.

Plaintiff further suggests that collateral estoppel should not apply because BB&T could have defended itself by arguing it was no longer in possession of the personal property. Even without reaching the questions of whether BB&T could have made such a defense, or whether this would have prevented the action of collateral estoppel, the argument is entirely without merit as Plaintiff's

---

[1] The court's January 25, 2016, order dismissed plaintiff's claims pursuant to the doctrine of res judicata, but plaintiff persistently refers to the doctrine of collateral estoppel.

4

suit against BB&T was dismissed due to failure to state a claim. See Echols v. BB&T, 2015 WL 5725521 *5 (E.D.N.C. Sept 30, 2015).

Thus, plaintiff has failed to raise a meritorious claim, and the motion for reconsideration must be denied.

## CONCLUSION

Based on the foregoing, plaintiff's motion for reconsideration is DENIED.

SO ORDERED, this the 23rd day of March, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

5

Case 2:15-cv-00028-FL   Document 23   Filed 03/23/16   Page 5 of 5